# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PENNY CHRISTINE HITCHCOCK,**

    **Plaintiff,**

v.

    Case No: 6:18-cv-1986-Orl-28TBS

**USAA CASUALTY INSURANCE COMPANY and FISHER RUSHMER, P.A.,**

    **Defendants.**

## ORDER

While operating her motor vehicle in October 2013, Penny Hitchcock "pinned" Patricia Mahaffey "between a parked vehicle and her vehicle." (Compl., Doc. 2, at 2). Mahaffey "suffered significant and permanent injuries." (Id.). Hitchcock was insured under an automobile insurance policy issued by USAA Casualty Insurance Company. (Id.). Mahaffey's counsel allegedly offered to settle the matter for USAA's policy limits, but counsel did not receive the settlement funds before expiration of that offer. (Id. at 3). Mahaffey filed suit against Hitchcock and ultimately obtained a judgment against Hitchcock for just over $2.9 million. (Id.)

Hitchcock then filed this suit in state court in October 2018 alleging common law bad faith against USAA and legal malpractice against Fisher Rushmer, P.A.[1] With the consent of Fisher Rushmer, USAA removed the case to this Court in November 2018, asserting subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C.

---

[1] The Complaint also includes a declaratory judgment count (Count II). (See Doc. 2 at 5).

§ 1332. (Notice of Removal, Doc. 1). USAA acknowledged in the Notice of Removal that Hitchcock and Fisher Rushmer are both citizens of Florida, but USAA maintained that Fisher Rushmer's citizenship should be disregarded because Hitchcock had joined Fisher Rushmer as a defendant to defeat diversity. (Id. at 3–4). After USAA and Fisher Rushmer filed motions to dismiss (Docs. 3 & 8), Hitchcock filed the Motion to Remand (Doc. 12) that is now before the Court, arguing that Fisher Rushmer is indeed a proper Defendant and that diversity jurisdiction does not exist. As set forth below, Hitchcock's Motion to Remand must be denied.

I. **Legal Standards**

"An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citing 28 U.S.C. § 1441(a)). "When a case is removed based on diversity jurisdiction, . . . the case must be remanded to state court if there is not complete diversity between the parties . . . ." Id. But "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder'" in those circumstances. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)).

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe, 113 F.3d at 1538. For the case to remain in federal court, the removing party must establish one of these two sets of

2

circumstances "by clear and convincing evidence." Henderson, 454 F.3d at 1281. The removing party's burden thus "is a 'heavy one.'" Crowe, 113 F.3d at 1538 (quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id.

## II. Discussion

In opposing Hitchcock's motion to remand and attempting to establish fraudulent joinder, USAA and Fisher Rushmer rely on the first of the bases noted by the Eleventh Circuit in Crowe: that "there is no possibility the plaintiff can establish a cause of action against the resident defendant"—Fisher Rushmer. 113 F.3d at 1538. Defendants maintain that Hitchcock cannot possibly establish a legal malpractice claim against Fisher Rushmer because Hitchcock was never Fisher Rushmer's client, nor was Hitchcock an intended third-party beneficiary of the attorney-client relationship between USAA and Fisher Rushmer. The Court agrees with Defendants.

There are only two ways that Hitchcock could have a possible legal malpractice claim against Fisher Rushmer—(1) if there was privity between her and Fisher Rushmer, or (2) if she were an intended third-party beneficiary of USAA's retention of Fisher Rushmer. See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So. 2d 1378, 1380 (Fla. 1993) ("To bring a legal malpractice action, the plaintiff must either be in privity with the attorney, wherein one party has a direct obligation to another, or, alternatively, the plaintiff must be an intended third-party beneficiary."). Hitchcock alleges

3

in her Complaint that "USAA unilaterally appointed Fisher Rushmer to represent Ms. Hitchcock with respect to [Mahaffey's] Claim," (Doc. 2 at 3), and that "Fisher Rushmer undertook an attorney-client relationship with Ms. Hitchcock that included the obligation to settle or facilitate the settlement of Ms. Mahaffey's Claim against Ms. Hitchcock," (id. at 6). But Defendants correctly argue that these conclusory allegations alone are insufficient to support the allegation of an attorney-client relationship.

In support of their position, Defendants cite the affidavit of Fisher Rushmer attorney Philip Turner King that was submitted with the Notice of Removal. In that affidavit, King states:

> On or about December 3, 2013, USAA . . . hired [Fisher Rushmer] to represent USAA.
>
> [Fisher Rushmer] was retained to provide legal advice and claims handling guidance to USAA, in relation to a claim presented by Patricia Mahaffey against USAA's insured, Penny Hitchcock.
>
> When agreeing to represent USAA, [Fisher Rushmer]'s intention was to benefit USAA by providing it with advice and assistance regarding proper claims handing procedures in the face of actions designed to create a bad faith claim.
>
> [Fisher Rushmer] has never, in any capacity, represented Penny Hitchcock; nor was it ever [Fisher Rushmer]'s intention to benefit Penny Hitchcock.
>
> Penny Hitchcock has never retained, hired, compensated or otherwise employed [Fisher Rushmer] in any capacity to represent her.
>
> USAA has never retained, hired, compensated or otherwise employed [Fisher Rushmer] to represent Penny Hitchcock.
>
> [Fisher Rushmer] has never agreed to represent, provide legal advice to or otherwise consult with Penny Hitchcock.
>
> . . . .
>
> There has never been an attorney-client relationship between [Fisher Rushmer] and Penny Hitchcock.

(Doc. 1-2 at 5–6). And attached to King's affidavit are several letters from King to Mahaffey's counsel in 2013 and 2014—letters in which King plainly stated that he represented USAA rather than Hitchcock.[2] (See Ex. A to King Aff., Doc. 1-2 at 8 ("Please accept this letter as an acceptance of your demand set forward in your correspondence of November 15, 2013, to my client, USAA Casualty Insurance Co."); Ex. B to King Aff., Doc. 1-2 at 9 ("As you are aware, our firm represents USAA in the above-captioned matter."); Ex. C to King Aff., Doc. 1-2 at 10 ("Please be advised I do not represent Penny Hitchcock. Rather, our office represents USAA.")). King's affidavit is uncontroverted, and it establishes that there was never an attorney-client relationship between Fisher Rushmer and Hitchcock.

Indeed, in her motion, Hitchcock focuses her argument not on assertions of privity with Fisher Rushmer but on her alleged status as a third-party beneficiary to the arrangement between USAA and Fisher Rushmer. But King's uncontroverted affidavit also establishes that there is "no possibility" that Hitchcock was an intended third-party beneficiary under Florida law. Although "[t]he rule of privity in legal malpractice actions is relaxed when the plaintiff is the intended third-party beneficiary of the contract between the client and the attorney," Hewko v. Genovese, 739 So. 2d 1189, 1191 (Fla. 4th DCA 1999), this exception is "narrow," id. "To find the requisite intent, it must be shown that both contracting parties intended to benefit the third party; it is insufficient to show that only one party unilaterally intended to benefit the third party." Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So. 2d 399, 400 (Fla. 2d DCA 2000); see also Jackson v. BellSouth Telecomms., 372

---

[2] USAA hired other counsel—not Fisher Rushmer—to defend Hitchcock in Mahaffey's lawsuit against Hitchcock.

5

F.3d 1250, 1283 (11th Cir. 2004) (explaining that for a claimant to qualify as a third-party beneficiary of an agreement between others, the parties to the agreement must have "intended to primarily and directly benefit" the claimant (quoting Tartell v. Chera, 668 So. 2d 1105, 1106 (Fla. 4th DCA 1996))).

Here there is no evidence of an intent by both USAA and Fisher Rushmer to primarily and directly benefit Hitchcock through their retention agreement. In his affidavit, King disavows any such intent by Fisher Rushmer, and he attests that Fisher Rushmer's "intention was to benefit USAA by providing it with advice and assistance regarding proper claims handling procedures in the face of actions designed to create a bad faith claim." (Doc. 1-2 at 5). Here, as in Hewko, "it [is] uncontroverted [that the law firm] was hired to represent [the insurer]'s interests," and "[t]hose interests were at times in conflict with [the insured's] interests." Id. at 1193. And "[w]here [USAA's] interests were compatible with [Hitchcock's], any benefit [Hitchcock] would have received from [Fisher Rushmer's] settlement efforts would have been incidental or collateral to [Fisher Rushmer']s representation of [USAA], not intentional and primary." Id. Thus, at most, Hitchcock might have been an *incidental* third-party beneficiary, but there is no record evidence to support her contention that she was an *intended* third-party beneficiary.

In sum, Defendants have carried their heavy burden of demonstrating that "there is no possibility" that Hitchcock can establish a legal malpractice cause of action against Fisher Rushmer under Florida law. Hitchcock's motion to remand therefore must be denied.

III. **Motions to Dismiss**

As earlier noted, both USAA (Doc. 3) and Fisher Rushmer (Doc. 8) filed motions to dismiss the legal malpractice claim (Count III) against Fisher Rushmer before Hitchcock

6

filed her motion to remand. Both argue for dismissal of that count for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because the Court has already determined that there is "no possibility" that Hitchcock can establish a legal malpractice claim against Fisher Rushmer under the motion-to-remand standard—which is easier for a plaintiff to withstand than the Rule 12(b)(6) "plausibility" standard[3]—Fisher Rushmer's motion to dismiss must be granted. USAA's motion to dismiss will be denied as moot.

IV. **Conclusion**

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

2. Defendant Fisher Rushmer, P.A.'s Motion to Dismiss (Doc. 8) is **GRANTED**. The legal malpractice claim in Count III of the Complaint is **dismissed** for failure to state a claim on which relief can be granted, and the Clerk is directed to terminate Fisher Rushmer, P.A. as a Defendant in this case.

3. In light of the granting of Fisher Rushmer's motion to dismiss in paragraph 2 above, Defendant USAA Casualty Insurance Company's Motion to Dismiss Count III (Doc. 3) is **DEEMED MOOT**.

4. The remaining parties shall conduct a case management conference **no later than Friday, March 8, 2019**, and shall file their Case Management Report by **Friday, March 15, 2019**.

---

[3] See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))); see also Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333–34 (11th Cir. 2011) (noting the difference between the motion-to-remand standard and the 12(b)(6) standard).

7

5. USAA shall respond to Counts I and II of the Complaint **no later than Friday, March 8, 2019**.

**DONE** and **ORDERED** in Orlando, Florida, on February 20th, 2019.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record