# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PENNY CHRISTINE HITCHCOCK,

    **Plaintiff,**

v.                                          Case No: 6:18-cv-1986-Orl-28TBS

USAA CASUALTY INSURANCE COMPANY,

    **Defendant.**

## ORDER

In a prior order, this Court denied Plaintiff Penny Christine Hitchcock's motion to remand and granted Defendant Fisher Rushmer, P.A.'s partial motion to dismiss, resulting in the termination of Fisher Rushmer as a defendant. (See Doc. 21 at 6–7). Hitchcock appealed that order. (See Doc. 27). The Eleventh Circuit dismissed the appeal, stating that this Court's order on the motion to remand was "not an appealable final order that [it] ha[d] jurisdiction to review," (Doc. 36 at 3), and that it lacked jurisdiction to review the order on the motion to dismiss because Hitchcock's "claims against [Defendant] USAA [Casualty Insurance Company] are still pending, and the district court has not otherwise certified the dismissal of the claim against [Defendant] Fisher Rushmer as final pursuant to Federal Rule of Civil Procedure 54(b)," (id.). Hitchcock now requests that this Court enter a final judgment on her claim against Fisher Rushmer, which would allow her to seek an immediate appeal of that decision. Fisher Rushmer does not oppose the motion, (see Doc. 37 at 8), but USAA has filed a memorandum in opposition, (see Doc. 41). As set forth below, Hitchcock's motion is denied.

"Ordinarily . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). However, "appellate jurisdiction lies when the district court properly certifies as 'final,' under Rule 54(b), a judgment on fewer than all claims or parties." Id. But Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997) (quoting Morrison–Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)). The Eleventh Circuit has observed that "such circumstances will be encountered only rarely," and they have thus "counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively." Id.

Determining whether a partial final judgment should be properly certified under Rule 54(b) requires district courts to undertake a two-step analysis. See Lloyd Noland Found., 483 F.3d at 777. "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id. (quoting Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). "That is, the court's decision must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief." Id. (internal quotation marks omitted). Here, both parties acknowledge that the Court's order dismissing Hitchcock's sole claim against Fisher Rushmer was a final

2

judgment for purposes of Rule 54(b). (See Doc. 37 at 5; Doc. 41 at 5). The Court agrees.

Having determined that the order on Fisher Rushmer's motion to dismiss constituted a final judgment, the Court may certify the appeal only if it determines that "there is no 'just reason for delay' in certifying [the order] as final and immediately appealable." Lloyd Noland Found., 483 F.3d at 777 (quoting Curtiss–Wright, 446 U.S. at 8). In making this determination, the Court must bear in mind that "not all final judgments on individual claims should be immediately appealable." Id. at 777–78 (quoting Curtiss–Wright, 446 U.S. at 8). Accordingly, the Court should "exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests'—including 'the historic federal policy against piecemeal appeals' . . . and 'the equities involved.'" Id. at 778 (quoting Curtiss–Wright, 446 U.S. at 8).

Upon review of the record, the Court does not find that there is "no just reason for delay." Hitchcock asserts that certification is proper because the claim against Fisher Rushmer is separable, (see Doc. 37 at 5), and that a decision from the Eleventh Circuit reversing this Court's order would allow Hitchcock to litigate all of her claims in a single action and prevent her from having to file a new action against Fisher Rushmer. (See id. at 6–7). However, Hitchcock admits that the claims against USAA and Fisher Rushmer arise out of the same occurrence. See Ebrahimi, 114 F.3d at 167 ("In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)."). And though Hitchcock may wish to avoid having to have another trial if she does not prevail against USAA and the Eleventh Circuit reverses the order dismissing her claim against Fisher Rushmer, that

3

is not a sufficient justification for certification. See id. at 168 ("The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims. Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment."). Hitchcock fails to identify any special circumstances that warrant certification.

Accordingly, Hitchcock's Motion for Partial Final Judgment Pursuant to Rule 54(b) (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 17, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties