UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PENNY CHRISTINE HITCHCOCK,

    Plaintiff,

v.                                                   Case No: 6:18-cv-1986-Orl-28EJK

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

## ORDER

In her Complaint (Doc. 2), Penny Christine Hitchcock asserts two counts against her automobile insurer, USAA Casualty Insurance Company. In Count I, she brings a claim of common law bad faith (Count I), alleging that USAA breached its duty to settle an injured person's claim against Hitchcock within the policy limits. And in Count II, she requests a declaratory judgment that USAA's duty to settle the claim was nondelegable.[1] USAA now[2] moves to dismiss the declaratory judgment count. (Mot. Dismiss, Doc. 24). Having

---

[1] A third count (Count III) alleged legal malpractice against a law firm that allegedly represented Hitchcock. The Court dismissed that count in a prior order, (see Doc. 21), and only the claims against USAA remain.

[2] USAA filed its motion (Doc. 24) on March 8, 2019. But on March 22, 2019, Hitchcock appealed the Court's Order dismissing Count III. (Notice of Appeal, Doc. 27). The Court then stayed the case pending appeal, (Doc. 30), directed that it be administratively closed, (id.), and denied USAA's motion to dismiss (Doc. 24) without prejudice in light of those events, (Doc. 32).
After the Eleventh Circuit dismissed Hitchcock's appeal for lack of jurisdiction, (see Doc. 36), the Court lifted the stay and reopened the case, (Doc. 40). USAA did not refile its motion to dismiss or move to reopen it, but the parties agreed in the Amended Case Management Report (Doc. 46) to a deadline for Hitchcock's response to the motion. The Court ordered Hitchcock to respond, (Doc. 48), and Hitchcock did so, (Doc. 50). Thus, the motion is ripe for resolution, and the Court will treat it as having been renewed by USAA.

considered USAA's motion and Hitchcock's Opposition (Doc. 50), the Court grants the motion.

I. **Background**[3]

Hitchcock was the named insured on an automobile insurance policy issued by USAA with limits of $50,000 per person for bodily injury and $10,000 for personal injury protection. (Compl. ¶ 10). On October 12, 2013, Hitchcock drove her vehicle into the driveway of Patricia Mahaffey and "pinned Ms. Mahaffey between a parked vehicle and her vehicle." (Id. ¶¶ 1 & 7). Mahaffey "suffered significant and permanent injuries," and the value of her damages "clearly exceeded all available insurance coverage" under Hitchcock's policy. (Id. ¶ 8).

Mahaffey's counsel sent an offer letter to USAA on November 15, 2013, agreeing to settle Mahaffey's claim if USAA tendered the $60,000 policy limits to counsel's office on or before December 14, 2013. (Id. ¶ 14). Mahaffey's counsel did not receive the funds by the deadline, and in August 2014 Mahaffey filed suit in state court against Hitchcock, seeking to recover for her injuries. (Id. ¶¶ 15–16). Mahaffey ultimately recovered a judgment against Hitchcock of just over $2.9 million. (Id. ¶ 17).

In Count I of the Complaint in this case, Hitchcock alleges that USAA is liable for bad faith under Florida common law because it breached its duty to settle Mahaffey's claim against Hitchcock within the policy limits by failing to timely tender the policy limits to Mahaffey's counsel. (Id. ¶¶ 21 & 24). Hitchcock further alleges that as a result of USAA's alleged breach of duty, Hitchcock was exposed to the excess judgment that was entered

---

[3] The facts described in the Background section are taken from the allegations of the Complaint (Doc. 2), and the Court makes no finding as to their veracity at this stage of the case.

2

in the state court suit. (Id. ¶ 25).

In Count II, Hitchcock again alleges that USAA owed a duty to settle Mahaffey's claim within the policy limits, (id. ¶ 27), and she further alleges that USAA delegated to a law firm "the act of settling the claim and delivering the settlement funds," (id. ¶ 28). The law firm allegedly failed to tender the policy limits before the expiration of the offer, and USAA denies that it is responsible for that failure. (Id.). Hitchcock requests a declaratory judgment that USAA's duty "is nondelegable" and that "USAA is legally responsible" for the law firm's failure to timely tender the policy limits to Mahaffey's counsel. (Id. ¶ 30).

In its motion to dismiss, USAA argues that the declaratory judgment count should be dismissed because it seeks an advisory opinion and is duplicative of the bad faith claim in Count I.

## II. Discussion

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[4] The "actual controversy" language of the Act is "[c]onsistent with the 'cases' and 'controversies' requirement of Article III" of the U.S. Constitution. Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999).

And "[i]n order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer

---

[4] Hitchcock initiated this case in state court, but Hitchcock agrees that the federal Declaratory Judgment Act governs Count II. (See Doc. 50 at 2 n.1).

3

injury in the future." Id. at 1346. "Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." Id. at 1348; see also Marcavage v. City of N.Y., 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia*, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" (emphasis and alteration in original) (quoting City of L.A. v. Lyons, 461 U.S. 95, 111 (1983))); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) ("[A] plaintiff who has standing to seek damages for a past injury . . . does not necessarily have standing to seek prospective relief such as a declaratory judgment."); Regency of Palm Beach, Inc. v. QBE Ins. Corp., No. 08-81442-CIV, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) ("The point of a declaratory judgment is to permit actual controversies to be settled before they ripen into violations of law, not to adjudicate past conduct." (quoting Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 07-61259-Civ, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008)) (internal quotation marks omitted)).

The only relief Hitchcock seeks in Count II is a declaratory judgment. But Hitchcock alleges only injury in the past, and she does not identify an actual, ongoing controversy as to USAA's current or future duties to her. She seeks a ruling as to the propriety of USAA's past conduct—conduct that allegedly already caused her injury in the form of a $2.9 million excess judgment. Such a ruling would merely be an advisory opinion. See, e.g., Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) ("[The plaintiff] alleges that he has been injured by [the defendant]'s past conduct . . . . [The plaintiff] makes no factual allegation, however, that such conduct has continued or will be repeated in the future. . . . A declaration that [the defendant]'s past conduct violated [the plaintiff]'s . . . rights and [state] law 'would

4

[be] nothing more than a gratuitous comment without any force or effect.'" (last alteration in original) (quoting N. Va. Women's Med. Ctr. v. Balch, 617 F.2d 1045, 1049 (4th Cir. 1980))).

Hitchcock phrases Count II in the present tense—alleging that "[t]here *is* a bona fide dispute between the parties and an actual, present and practical need for a declaration as to whether USAA *has* a nondelegable duty to Ms. Hitchcock to settle Ms. Mahaffey's Claim within the Policy limits when it could have should have done [so]," (Compl. ¶ 29); requesting a declaration that USAA's duty "*is* nondelegable," (id. ¶ 30.a.); and requesting a declaration that "USAA *is* legally responsible," (id. ¶ 30.b.). (Emphasis added). But USAA already allegedly failed to settle the claim, and there is no ongoing activity as to which USAA is alleged to owe a duty. USAA either did or did not breach a duty in the past, and phrasing the question in terms of whether that duty "is" nondelegable does not convert the issue into an ongoing controversy with potential future injury. And the question whether USAA "is legally responsible" is before the Court on the bad faith claim, in which Hitchcock seeks damages. In sum, Count II does not present an actual case or controversy that is amenable to declaratory relief, and it must be dismissed.

III. **Conclusion**

In accordance with the foregoing, it is **ORDERED** that USAA's Motion to Dismiss Plaintiff's Declaratory Judgment Action (Doc. 24) is **GRANTED**. Count II of the Complaint (Doc. 2) is **DISMISSED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 22nd, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5